**Ray A. HARRON, Appellee,**

v.

**UNITED HOSPITAL CENTER, INC., CLARKSBURG, WEST VIRGINIA, a corporation, et al., Appellants.**

No. 75–1034.

United States Court of Appeals, Fourth Circuit.

Argued July 7, 1975.

Decided Sept. 8, 1975.

Certiorari Denied Feb. 23, 1976. See 96 S.Ct. 1116.

John S. Hoff, Washington, D. C. (James E. McNeer, Clarksburg, W. Va., Clara L. Mattern, Pittsburgh, Pa., Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D. C., McWhorter, McNeer, Highland & McMunn, Clarksburg, W. Va., Horty, Springer, Mattern & Symons, Pittsburgh, Pa., on brief) for appellants.

David Epstein, Washington, D. C. (Jerald E. Jones, Jones, Williams, West &

Jones, Clarksburg, W. Va., on brief) for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

## PER CURIAM:

Once there were two hospitals in Clarksburg, West Virginia. They merged in 1970, and now there is only one—the defendant United Hospital Center. When there were two hospitals, the plaintiff, Dr. Harron, was the exclusive radiologist at one, and Dr. Wilson was the exclusive radiologist at the other. For some time after merger, the new hospital operated an "open staff" radiology department permitting both Drs. Wilson and Harron to act as hospital radiologists and use the hospital's radiology equipment. When this arrangement proved unsatisfactory to the hospital, its board of directors entered into a contract with Dr. Wilson on November 1, 1973. The contract effectively made Dr. Wilson *the* radiologist of the hospital with the responsibility to direct the department of radiology at the hospital and to be responsible for the initial interpretation of all studies of the hospital radiology department and for the administration of all treatments therein. Something was left for plaintiff, Dr. Harron, but not very much. Paragraph 11 of the contract provided that any radiologist who is a member of the hospital medical staff shall not be prevented from making readings and studies of X-ray films of the hospital radiology department and entering his opinion on the chart of any hospital patient if requested to do so by the patient's attending physician, for which service such radiologist may make a direct charge to the patient.

Dissatisfied with the hospital's choice of Dr. Wilson to be its radiologist, Dr. Harron sued in the United States District Court and, *inter alia,* sought a preliminary injunction against the hospital to require it to restore him to the position he occupied prior to the contract with Dr. Wilson. The district court granted such an injunction, but stayed its effectiveness pending appeal.

Dr. Harron's brief concedes that "there are no unresolved questions of fact . . . ." We agree, and because we do, we take the unusual course of ending this litigation, although it comes before us as simply an appeal from the granting of a preliminary injunction. The facts were fully developed before a Special Master, who had been directed by the district judge to conduct a due process hearing to determine the hospital's justification, if any, for termination or reduction of Dr. Harron's staff privileges.[1] But at the hearing it developed that the hospital had no charges of any sort whatsoever to make against Dr. Harron, and instead took the simple position that as a corporate entity it had the right to contract with Dr. Wilson to operate the hospital's radiology department. The hospital agrees that Dr. Harron is an able and competent radiologist fully qualified to practice his profession in Clarksburg or elsewhere in West Virginia. It levels no accusations of misconduct or bad character against Dr. Harron. It agrees that as a member of the hospital medical staff Dr. Harron is entitled to staff privileges. It insists only that he may not compel the hospital to permit him to operate its radiology department.

We do not, of course, reach the merits of the so-called contract dispute. The complaint purports to be based upon 42 U.S.C. §§ 1981, 1983, and 1985 and 15 U.S.C. § 1. Jurisidiction is said to be granted by 28 U.S.C. § 1343(3), (4). Whatever may be the law of contracts, it is frivolous to urge that the employment of a single doctor to operate the radiology department of a hospital invokes the Sherman Act and the civil rights statutes pleaded. On remand, the district court will be instructed to dismiss the complaint for want of a substantial federal question and a consequent lack of jurisdiction. *Bell v. Hood,* 327 U.S. 678,

---

1. Dr. Harron does not suggest invidious discrimination; no question of pretensive preference is presented.

66 S.Ct. 773, 90 L.Ed. 939 (1946); *see* C. Wright, The Law of Federal Courts 62 (2d ed. 1970).

*Reversed and remanded with instructions.*