620 F.2d 438
 1980-2 Trade Cases 63,299
 N. N. CAPILI, Appellant,
v.
Ned SHOTT, B. L. Jackson, Jr.; E. G. Watkins; A. D.
Coppinger, Sr.; H. Edward Steele; Bluefield Municipal
Building Commission; Douglas M. Parker; American Medicorp
Management Services, Inc.; David H. Gatherum; Thomas Mathew;
Edward H. Bowles; and Bluefield Anesthesia Associates, Appellees.
 No. 78-1568.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 3, 1979.
Decided April 14, 1980.
 
 Paul S. Hudgins, Bluefield, W.Va., for appellant.
 J. W. Feuchtenberger, Bluefield, W.Va. (Kwass, Stone, McGhee & Feuchtenberger, Bluefield, W.Va., on brief), Guy W. Perkins, Bluefield, W.Va. (Katz, Kantor, Katz, Perkins & Cameron, Bluefield, W.Va., Richard L. Hirshberg, Washington, D.C., on brief), for appellees.
 Before PHILLIPS and SPROUSE, Circuit Judges, and HOFFMAN, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Capili, a physician, brought this action seeking injunctive relief and monetary damages after he was denied anesthesiology privileges at a public hospital because the hospital's governing body elected to enter into a contract granting a professional medical corporation the exclusive right to provide anesthesiology services at the hospital. Capili, who specializes in anesthesiology, contended below as he does here that the defendants' refusal to grant him such privileges based on that exclusive contract constitutes a violation of the Sherman Act, 15 U.S.C. § 1 et seq., and violates his civil rights as protected by 42 U.S.C. § 1983.
 
 
 2
 The district court dismissed the antitrust claim upon defendants' Rule 12(b) (6) motion. It held that Capili's factual allegation could not support plaintiff's contention that interstate commerce was "substantially affected."
 
 
 3
 Thereafter, the district court, following a hearing on the merits of the remaining § 1983 claim, granted defendants' motion to dismiss under Rule 41(b), Federal Rules of Civil Procedure. The Court concluded that the question of whether the governing body of a public hospital can constitutionally treat physicians differently is governed by the traditional rational basis inquiry. The Court went on to find the defendants' actions in entering into the exclusive contract, which provided for anesthesiology services on a 24-hour-per-day, 7-day-per-week basis, was reasonable and justified by the community's and hospital's needs. The requirements for provision of proper care and services to surgical patients formed a rational basis for the exclusive contract decision.
 
 
 4
 We have examined the record and considered the written and oral arguments, and are of the opinion that the district court's judgment is fully supported by the law and the evidence. We, therefore, affirm.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Walter E. Hoffman, United States District Judge for the Eastern District of Virginia, sitting by designation