John A. ANZIULEWICZ, M.D., in his own right as a practicing radiologist, and as a citizen and resident of Bluefield, Mercer County, West Virginia, Plaintiff,

v.

BLUEFIELD COMMUNITY HOSPITAL, INC., a not-for-profit West Virginia corporation, Stephen P. Raskin, M.D., and Lee B. Milner, M.D., Defendants.

Civ. A. No. 81–1098.

United States District Court,
S. D. West Virginia,
Bluefield Division.

Dec. 18, 1981.

**50**

John W. Feuchtenberger, Bluefield, W. Va., for plaintiff.

Guy W. Perkins, Bluefield, W. Va., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KIDD, District Judge.

On July 31, 1981, plaintiff instituted this action in the Circuit Court of Mercer County, West Virginia.[1] Defendants timely removed the action into this Court pursuant to 28 U.S.C. § 1441(a) and (c). Defendants averred in their petition for removal that this action arises under the Constitution of the United States, Article VI, Clause 2, the Fourteenth Amendment, 15 U.S.C. §§ 1–15 and 26, 28 U.S.C. §§ 1331, 1337(a), 1343(a)(3) and (4), 2201 and 2202, and 42 U.S.C. § 1983. Subsequently plaintiff filed his Motion to Remand, alleging that this Court is without jurisdiction in this matter.

The issue here is rather simply stated: whether this Court has jurisdiction of this matter as a suit arising under the Constitution, laws, or treaties of the United States. For reasons set forth below, the Court holds that it does not.

The meaning of the "arising under" language of the federal question statute, 28 U.S.C. § 1331(a), is critical to resolution of the issue here. The Supreme Court has provided a basis for interpreting the "arising under" language,[2] with Justice Cardozo providing the most recent restatement of the test for federal question jurisdiction in the case of *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Speaking for a unanimous court, Justice Cardozo wrote:

> How and when a case 'arises under the Constitution or the laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right of immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one must exist with reference thereto, and *the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.* *Gully v. First National Bank*, 299 U.S. 109 at 112, 113, 57 S.Ct. 96 at 97, 98, 81 L.Ed. 70 (1936). (citations omitted; emphasis added).

The *Gully* test is further limited by a doctrine frequently referred to as the "well-pleaded complaint" rule. Discussed at some length in *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 29 S.Ct.

---

1. Three other related actions have been filed here in this matter: *McCluney v. Bluefield Community Hospital, Inc., et al*, C.A.No. 81–1102, an action removed by defendants to this Court on September 2, 1981; *Bluefield Community Hospital, Inc. v. Anziulewicz*, C.A.No. 81–1111; and, *Bluefield Community Hospital, Inc. v. McCluney*, C.A.No. 81–1116.

2. *See, e.g., American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864 (1936).

42, 53 L.Ed. 126 (1908), and more recently reiterated in *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (per curiam), the doctrine requires that the federal question be disclosed upon the face of the complaint. Furthermore, anticipated federal defenses raised in a complaint or by answer will not serve as a basis for federal question jurisdiction. While the "well-pleaded complaint" rule has been criticized as being based on a questionable rationale, the Supreme Court recently reaffirmed the rule in *Phillips, supra.*[3]

■ In applying these principles to the case at hand, the Court perceives no federal question stated upon the face of plaintiff's complaint. Plaintiff is seeking damages under the antitrust laws of the State of West Virginia, *W.Va.Code* § 47–18–1 *et seq.*, alleging that the defendants have conspired to restrain trade within the State of West Virginia by restricting the provision of the service of radiology at the defendant hospital. Plaintiff further alleges that, in violation of Article 3, § 10 of the Constitution of West Virginia, he has been deprived of vested rights concerning the use of the defendant hospital's radiological equipment. The third count of plaintiff's complaint alleges tortious interference by defendants with plaintiff's business as a practicing radiologist at the defendant hospital. Plaintiff seeks money damages for these alleged wrongs. Plaintiff also complains of certain actions taken by the defendant hospital and seeks a declaratory judgment that such acts are illegal, ultra vires and void. Finally, plaintiff asks for injunctive relief which would essentially restore his full privileges at the hospital and have the affect of voiding, in part, the exclusive services contract between the defendant hospital and defendant radiologists Raskin and Milner.

Defendants first argue that because plaintiff seeks injunctive relief and such relief is not available under the West Virginia antitrust laws, then plaintiff's claims are in reality founded upon federal antitrust and civil rights law. Plaintiff counters that argument by relying on *W.Va. Code* § 53–5–1 *et seq.* which authorizes state court grants of injunctive relief for any cause within a state circuit court's jurisdiction if no adequate remedy at law is available. This Court finds it unnecessary to resolve the questions of whether injunctive relief is available under the state antitrust provisions and, if not, whether such relief would be available to plaintiff under the more general provisions of § 53–5–1 *et seq.* While the state antitrust act provides that it "shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes," *W.Va.Code* § 47–18–16, the state act does vary markedly from the federal act in several respects.[4] If plaintiff has sought relief which is unavailable to him under the state statutory provisions, this Court is confident that a state court will simply deny his request for injunctive relief. Plaintiff has deliberately chosen to rely upon state law and remedies provided thereby; if by doing so plaintiff cannot avail himself of a remedy arguably available under federal law, then so be it.

Defendants characterize plaintiff's claim of deprivation of vested rights as one arising under the Fourteenth Amendment, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1343(a)(3) and (4), and argue that because the West Virginia Legislature has not enacted implementing legislation similar to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) and (4), then claims alleging deprivation of or interference with property rights must be predicated upon the federal implementing statutes. The Court must reject this argument. While certain similarities exist between the state and federal constitutional provisions concerning due process, the two constitutions are by no means identical in these provisions. The Supreme Court of Appeals

---

**3.** *See* Redish, *Federal Jurisdiction: Tensions in the Allocation of Judicial Power* at 72 (1980), for a fuller discussion of the "well-pleaded complaint" rule.

**4.** *See generally* Rill, *The New West Virginia Antitrust Act From the Defense Perspective*, 81 W.Va.L.Rev. 207 (1978).

of West Virginia has established that the "State *Constitution* may afford individuals a higher standard of protection than that available under the Federal *Constitution.*" *Champ v. McGee*, 270 S.E.2d 445 at 446 (W.Va.1980) (emphasis in original). Furthermore, plaintiff has not pleaded "state action"; although he might be able to prove a claim under 42 U.S.C. § 1983, he has not chosen to plead such a claim. He seeks instead the protection offered by the state constitutional provision. The lack of implementing legislation on the state level does not work to turn these claims into federal questions. Defendants have cited no authority to the contrary nor has the Court uncovered cases which would support defendants' position.

■ Following defendants' argument to its ultimate conclusion and application would result in the construction of the maze contemplated by Justice Cardozo in *Gully* :

> . This Court has had occasion to point out how futile is the attempt to define a "cause of action" without reference to the context. To define broadly and in the abstract "a case arising under the Constitution or laws of the United States" has hazards of a kindred order. What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. One could carry the search for causes backward, almost without end. Instead, there has been a selective process which picks the substantial causes out of the web and lays the other ones aside. As in problems of causation, so here in the search for the underlying law. If we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those

that are merely possible. We shall be lost in a maze if we put that compass by.

> *Gully, supra* at 118–119, 57 S.Ct. at 100 (citations omitted). "Possible" federal questions are clearly insufficient to confer jurisdiction upon this court.

Furthermore, plaintiff, in his complaint, does not inadvertently, mistakenly or fraudulently conceal a federal question as defendants' have argued. It is obvious to the Court that the complaint here was pleaded rather carefully; possible federal questions may have been deliberately omitted by plaintiff but such have certainly not been omitted due to inadvertence or mistake. Nor is there any indication of fraud having occurred.

Defendants have placed reliance upon *Harron v. United Hospital Center, Inc.*, 522 F.2d 1133 (4th Cir. 1975) (per curiam), *cert. denied* 242 U.S. 916, 96 S.Ct. 1116, 47 L.Ed.2d 321 (1976), a case similar to this in that *Harron* also involved a challenge to an exclusive contract between a radiologist and a hospital. The court's ruling in *Harron* follows:

> We do not, of course, reach the merits of the so-called contract dispute. The complaint purports to be based upon 42 U.S.C. §§ 1981, 1983, and 1985 and 15 U.S.C. § 1. Jurisdiction is said to be granted by 28 U.S.C. § 1343(3), (4). Whatever may be the law of contracts, it is frivolous to urge that the employment of a single doctor to operate the radiology department of a hospital invokes the Sherman Act and the civil rights statutes pleaded. On remand, the district court will be instructed to dismiss the complaint *for want of a substantial federal question* and a consequent lack of jurisdiction.

> *Harron, supra* at 1134 (citations omitted; emphasis added).

*Harron* does not support the existence of federal question jurisdiction in a case such as this; to the contrary, *Harron* would dictate dismissal of this action for want of a substantial federal question whether the action be based upon federal antitrust or civil rights law.

Defendants' remaining arguments require little discussion. Defendants urge that the doctrines of res judicata, collateral estoppel and virtual representation mandate this Court's retention of jurisdiction. This argument is premised upon this Court's decision in *Capili v. Shott*, 487 F.Supp. 710 (S.D.W.Va.1978) (J. Knapp), *aff'd*, 620 F.2d 438 (4th Cir. 1980).[5] These defenses may very well be meritorious but this Court cannot properly consider them in determining whether a federal question exists under the "well-pleaded complaint" rule. Nor does the Supremacy Clause require the Court to exert jurisdiction over this matter as defendants have argued. Federal antitrust law is obviously directed toward *interstate* commerce. West Virginia's antitrust law is directed towards *intrastate* commerce. The supremacy of federal antitrust law is unaffected by the state law; this Court has no legitimate interest in the interpretation of West Virginia's antitrust provisions even if the state court interpreting those provisions should misconstrue applicable federal case law. Federal question jurisdiction cannot exist when the basic issues require interpretations of state statutory and constitutional provisions.

Finally, consideration of judicial economy and efficiency for the courts and litigants is improper in resolving the jurisdictional question presented here. It is true that related actions are still pending in this Court; however, jurisdiction cannot be premised upon the existence of related actions or judicial economy or efficiency.

The "well-pleaded complaint" rule controls in this case and requires the Court to remand this action to the court from which it was improperly removed. This holding does not necessarily imply that plaintiff's claims are meritorious but merely is a finding that this Court's lack of jurisdiction prohibits the Court from acting further in this matter.

5. Defendants have argued that plaintiff Anziulewicz was a member of the professional partnership which instituted, financed and controlled the *Capili* litigation involving this same

Accordingly, it is ORDERED that plaintiff's Motion to Remand be, and the same hereby is, granted and this action is hereby remanded to the Circuit Court of Mercer County; it is further ORDERED that plaintiff shall recover of defendants his just costs expended in this Court and, there being nothing further, that this action be stricken from the docket of this Court.

The Clerk of this Court is hereby directed to transmit certified copies of this Order to counsel of record herein and to Wilma F. Grubb, Clerk of the Circuit Court of Mercer County, Princeton, West Virginia.

hospital and that his present action is an attempt to relitigate or "appeal" issues determined in *Capili*.