BLUEFIELD COMMUNITY HOSPITAL, INC., a not-for-profit West Virginia Corporation, Appellant,

v.

John A. ANZIULEWICZ, M.D., Appellee.

No. 83–1587.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1984.

Decided June 18, 1984.

See also, D.C., 531 F.Supp. 49.

---

**406**

Robert B. King, Charleston, W.Va. (Rebecca A. Betts, King, Betts & Allen, Charleston, W.Va., Guy W. Perkins, Debra A. Archer, Katz, Kantor & Perkins, Bluefield, W.Va., on brief), for appellant.

J.W. Feuchtenberger, Bluefield, W.Va. (Kwass, Stonbe, McGhee & Feuchtenberger, Bluefield, W.Va., on brief), for appellee.

Before HALL and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Bluefield Community Hospital, Inc. (Hospital) appeals from a district court order which dismissed its complaint for failure to state a claim for relief under the Anti-Injunction Statute, 28 U.S.C. § 2283. The Hospital had sought to enjoin, pursuant to the relitigation exception to the Anti-Injunction Statute, an action brought in state court, *Anziulewicz v. Bluefield Community Hospital, Inc.*, No. 81–C–922, on the grounds that it constituted a relitigation of the federal court case of *Capili v. Shott*, 487 F.Supp. 710 (S.D.W.Va.1978), aff'd., 620 F.2d 438 (4th Cir.1980).[1] Finding that the district court properly refused to enjoin the state court action, we affirm.

**I**

The Hospital is a non-profit corporation which provides health care services for Mercer County, West Virginia and certain counties in Virginia. On November 19, 1976 the Hospital was purchased by the Bluefield Municipal Building Commission (Commission). Prior to the purchase the medical staff of the Hospital had consisted primarily of members of a medical partnership known as Doctors Fox, St. Clair, Rogers, et. al. (Partnership).

Subsequent to the purchase of the Hospital, the Commission and a group of anesthesiologists, Bluefield Anesthesia Associates (Associates), entered into an exclusive

1. The Hospital had also sought: (1) a declaratory judgment to the effect that the doctrines of res judicata and collateral estoppel precluded the relitigation, in state court, of claims already decided in a federal court action; (2) a declaratory judgment that it is exempt from federal antitrust litigation; and (3) relief under 42 U.S.C. § 1983. The Hospital does not pursue its claims for declaratory and monetary relief in this appeal. Accordingly, these claims will not be addressed.

contract for the providing of anesthesiology services, whereby the Associates agreed to provide all anesthesiology services needed at the Hospital on a full-time basis. Shortly after the exclusive contract was signed, the Partnership entered into a contract of employment with Dr. N.N. Capili, an anesthesiologist.[2] Dr. Capili, whose application for temporary associate staff privileges at the Hospital was denied because of the existence of the exclusive contract, brought suit in federal court to invalidate the exclusive contract between the Associates and the Commission. Dr. Capili asserted three causes of action: (1) that the grant of an exclusive contract for anesthesiology to others and subsequent refusal to grant him privileges in anesthesiology was a denial of equal protection of the laws and due process under the United States Constitution; (2) that such action unlawfully interferred with his civil rights under 42 U.S.C. § 1983; and (3) that such action was a conspiracy in restraint of trade which tended to create a monopoly in the practice of anesthesiology in violation of the Sherman Act, 15 U.S.C. § 1 *et seq*. The district court dismissed the portions of the complaint relating to antitrust violations for lack of jurisdiction. *Capili v. Shott*, 487 F.Supp. 710, 711 (1978). After a hearing on the merits, the district court dismissed the remainder of the complaint for failure to state a claim for relief, concluding that the Hospital could award an exclusive contract and thereafter treat medical professionals differently, if there is a rational basis therefor, without violating federal law. Id. at 713–714. This court affirmed that decision. *Capili v. Shott*, 620 F.2d 438 (4th Cir.1980).

On July 31, 1981, the Hospital entered into an exclusive contract for radiological services with Drs. Raskin and Milner. Approximately one month later, Dr. Anziulewicz, a radiologist and member of the Part-

nership, brought suit in the circuit court of Mercer County, West Virginia against the Hospital and others to nullify this exclusive contract. Unlike Dr. Capili, Dr. Anziulewicz had held and exercised medical staff privileges within the radiology department of the Hospital for several years prior to the signing of the exclusive contract he challenged.

Dr. Anziulewicz carefully confined his complaint to questions of state law, alleging: (1) deprivation of his vested rights to practice at the Hospital secured to him by the West Virginia Constitution; (2) violation of the West Virginia Antitrust Act, W.Va.Code § 47–18–1, *et seq;* (3) tortious interference with his business; (4) certain illegal and ultra vires actions taken by the Hospital, including extending interest-free loans to the physicians who signed the exclusive contract; and (5) his entitlement to an injunction.

The Hospital removed the action to federal district court. It was remanded by the district court on the grounds that under the well-pleaded complaint rule there was no basis for federal question jurisdiction appearing on the face of the complaint. *Anziulewicz v. Bluefield Community Hospital*, 531 F.Supp. 49 (S.D.W.Va.1981). In remanding the case, the district court rejected the Hospital's argument that the court had jurisdiction because Dr. Anziulewicz's claims were "in reality founded upon federal antitrust and civil rights law." *Id.* at 51. It also rejected the contention that inasmuch as a federal court had decided "the same" issues in *Capili v. Shott*, "the doctrines of res judicata, collateral estoppel and virtual representation mandate[d] ... retention of jurisdiction." *Id.* at 53.

Persistent in its efforts to have Anziulewicz's claims heard in federal court, the Hospital filed the instant action, seeking to enjoin portions of Dr. Anziulewicz's state

---

**2.** Apparently the Partnership hired Dr. Capili solely to serve as plaintiff to attack the exclusive contract in court, as evidenced by the following facts: the Partnership did not enter into an employment contract with Dr. Capili until after the exclusive contract had been signed; the Partnership had no appreciable need for Dr. Capili's services in light of the signing of the exclusive contract; and Dr. Capili was terminated by the Partnership as soon as the district court ruled against him.

court action pursuant to 28 U.S.C. § 2283. The district court declined to grant the relief sought and dismissed the Hospital's complaint.

## II

■ The Hospital argues that Dr. Anziulewicz's constitutional and antitrust claims were litigated in *Capili v. Shott*[3] and in order to protect that federal court judgment the district court should have enjoined Dr. Anziulewicz's case under the relitigation exception to the Anti-Injunction Statute, 28 U.S.C. § 2283. The Anti-Injunction Statute provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.* (emphasis added).

28 U.S.C. § 2283. The statute's basic purpose is "to prevent needless friction between state and federal courts." *Mitchum v. Foster*, 407 U.S. 225, 233, 92 S.Ct. 2151, 2157, 32 L.Ed.2d 705 (1972) (quoting *Oklahoma Packing Co. v. Gas Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940)). Accordingly, the statute "absolutely prohibits enjoining state court proceedings unless the injunction would fall within one of its three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970); *Regional Properties v. Financial and Real Estate Consulting Company*, 678 F.2d 552 (5th Cir.1982). Because of the sensitive nature of federal interference with state court litigation, the three exceptions to the rule against injunctions should be narrowly construed. *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582 (11th Cir.1983). Furthermore, "[a]ny doubts as to the propriety of a federal injunction against state court proceed-

ings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R.R. Co.*, 398 U.S. at 297, 90 S.Ct. at 1748. The Supreme Court has also admonished that 28 U.S.C. § 2283 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. at 243, 92 S.Ct. at 2162.

■ In order to "overcome the federal courts' proper disinclination to intermeddle in state court proceedings" a complainant seeking to avail himself of the relitigation exception to the statute must make a "strong and unequivocal showing" of relitigation of the same issue. *Regional Properties*, 678 F.2d at 566. If a federal court errs in declining to issue an injunction "all is not lost. A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel." Id at 566.

■ In determining whether the injunction sought in the instant case falls within the relitigation exception to the statute, our inquiry focuses on whether the antitrust and constitutional issues raised in Dr. Anziulewicz's state court complaint were fully litigated in *Capili v. Shott*. The federal antitrust claim raised in *Capili v. Shott* was found to be jurisdictionally deficient because of an insufficient interstate nexus. Prior to a hearing on the merits, the complaint was dismissed insofar as it pertained to the alleged violations under 15 U.S.C. § 1 *et seq.* Thus, as to the federal antitrust claim, the *Capili v. Shott* decision does not constitute a final judgment on the merits which warrants protection under § 2283.

■ Regarding the Constitutional claims raised in *Capili v. Shott*, the district court held that the Hospital was "not guilty of any conduct that abridged any rights se-

---

**3.** The Hospital does not purport to find any similarity between *Capili v. Shott* and the remaining portions of Anziulewicz's complaint regarding tortious interference with business, illegal and ultra vires actions by the Hospital to his damage, and his entitlement to injunctive relief against the Hospital.

cured to the plaintiff, N.N. Capili, under and by virtue of the Constitution of the United States or any laws of the United States." *Capili v. Shott*, 487 F.Supp. at 713. This holding by no means dictates that Dr. Anziulewicz's state constitutional questions are thereby foreclosed. As stated by the Supreme Court of Appeals of West Virginia, "our Court has established that our state Constitution may afford individuals a higher standard of protection than that available under the federal *Constitution*." *Champ v. McGee*, 270 S.E.2d 445 at 446 (W.Va.1980) (emphasis in original). See also *Adkins v. Leverette*, 239 S.E.2d 496, 499 (W.Va.1977) (while it is true that a state may not interpret its constitutional guarantee which is identical to a federal constitutional guarantee below the federal level, nothing prevents a state court from equaling or exceeding the federal standard"). Furthermore, in remanding Dr. Anziulewicz's case to state court the district court rejected the Hospital's characterization of Dr. Anziulewicz's claim of deprivation of vested rights as one arising under the fourteenth amendment, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(a)(3) and (4). The district court noted that "[w]hile certain similarities exist between the state and federal constitutional provisions concerning due process, the two constitutions are by no means identical in these provisions." *Anziulewicz v. Bluefield Community Hospital, Inc.*, 531 F.Supp. at 51. Thus, while the court in *Capili v. Shott* disposed of Dr. Capili's claims asserted under the United States Constitution, Dr. Anziulewicz's questions presented under the West Virginia Constitution remain to be litigated.

In addition, the rights asserted in the *Capili v. Shott* and *Anziulewicz* cases and the facts underlying the two actions are different enough to permit Dr. Anziulewicz's case to proceed in state court. Dr. Capili objected to an exclusive anesthesiology contract as being illegal per se, while Dr. Anziulewicz objects to an exclusive radiology contract because of the manner of its negotiation and award as well as its content. Unlike Dr. Capili, Dr. Anziulewicz objects to a provision in the exclusive radiology contract concerning interest-free loans.

The operative facts in the two actions also differ. Not only do the two contracts in question concern different types of ancillary services, anesthesiology and radiology, but also the positions of the plaintiffs in each case are different. Dr. Capili was never a member of the staff of the Hospital and was hired by the Partnership to test the action taken by the Hospital with regard to the exclusive anesthesiology contract. Dr. Anziulewicz, on the other hand, had been a member of the Hospital radiology staff for a number of years prior to the signing of the exclusive radiology contract. His rights as a staff member may be different from those of Dr. Capili, who had merely applied to be a member of the staff.

Thus, it seems any decision on the merits of Dr. Anziulewicz's state court claims will not nullify or impair our *Capili v. Shott* judgment. Certainly, a sufficient showing of relitigation has not been made to overcome our inclination to avoid friction between sovereigns. In addition, the Hospital is free to raise the doctrines of res judicata and collateral estoppel as defenses in state court. Therefore, we find the district court did not abuse its discretion in failing to enjoin Dr. Anziulewicz's state court action under 28 U.S.C. § 2283.

Dr. Anziulewicz's request for attorney's fees under Rule 38 of the Federal Rules of Appellate Procedure is denied.

AFFIRMED.