**Thomas BUCHANAN t/a Newtown News Agency, et al.**

v.

**DELAWARE VALLEY NEWS and The New York Times Company.**

Civ. A. Nos. 83–0020, 83–0021.

United States District Court, E.D. Pennsylvania.

Sept. 1, 1983.

Arnold Levin, Howard J. Sedran, Levin & Fishbein, Philadelphia, Pa., for plaintiffs.

Charles I. Thompson, Jr., George E. Moore, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs have moved this Court to remand two state court actions that were removed to this Court on January 4, 1983. The plaintiffs are newspaper distributors who sell *The New York Times* in an area encompassing several Pennsylvania counties. Plaintiffs originally filed the two complaints in the Delaware County Court of Common Pleas. The first complaint is encaptioned Complaint in Trespass and Assumpsit alleging that defendants, The New York Times Company and its agent Delaware Valley News Distributors, Inc., improperly interfered with the operation and continuation of plaintiffs' established news routes. This complaint alleges three causes of action: (1) Trespass-tortious interference; (2) Assumpsit; and (3) Violation of Pennsylvania antitrust common law. The second complaint is a complaint in Equity seeking injunctive and other equitable relief. These complaints are identical to two prior complaints which were removed to this court on December 9, 1982 (Civil Action Nos. 82–5444 and 82–5445) with the exception that the present complaints (Civil Action Nos. 83–0020 and 83–0021) have dropped a New Jersey plaintiff and have added The New York Times Co.'s local agent as defendant. On December 21, 1982, plaintiffs had moved to voluntarily dismiss the first two actions after their removal to this Court, preferring

the state forum for "tactical reasons". *See* C.A. # 82–5444, Docket Entry No. 5 at 3. This Court denied the motions. Prior to this Court's denial of the Motion to Dismiss, however, plaintiffs brought the second two actions in state court, admittedly adding the Pennsylvania defendant in order to destroy diversity, seeking still to have their complaints heard in the local forum. (*See* Civil Action No. 83–0021, Docket Entry No. 3 at 4.) Defendants removed the second actions to this Court. Plaintiffs now move for remand of the second two actions.

Defendants had removed the second two actions to this Court claiming that (1) Delaware Valley was improperly joined solely to defeat diversity jurisdiction and (2) plaintiffs' claims are essentially federal in nature, thus presenting a federal question capable of removal. Plaintiffs motion for remand on the basis that diversity of the parties is not present and the complaints have not alleged any federal claims.

 Defendant Delaware Valley News Distributing, Inc. is a small service organization established by The New York Times Co. and operating as its local agent in Pennsylvania. Defendants oppose plaintiffs' Motion For Remand on the grounds that Delaware Valley News was fraudulently joined to defeat diversity jurisdiction and thus should not be considered in determining the existence of diversity of citizenship of the parties. The proper standard to be applied to determine whether a party has been fraudulently added is whether there exists no possible action against the resident defendant. *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134 (E.D.Pa.1976), *Quinn v. Post,* 262 F.Supp. 598 (S.D.N.Y.

1967), *Saylor v. General Motors Corp.,* 416 F.Supp. 1173 (E.D.Ky.1976), *Sparks v. St. Louis & San Francisco Railroad Corp.,* 366 F.Supp. 957 (N.D.Okl.1973), *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172 (5th Cir.1968), *Harris Diamond Co. v. Army Times Publishing Co.,* 280 F.Supp. 273 (S.D.N.Y.1968). The burden of proof on the issue is upon the defendants and evidentiary facts must support the charge. *Quinn v. Post,* 262 F.Supp. 598 (S.D.N.Y.1967). The mere allegation that plaintiffs' purpose in adding a defendant is to defeat diversity and maintain the litigation in state court is not sufficient to sustain a claim of fraudulent joinder. *Quinn v. Post,* 262 F.Supp. 598, 603 (S.D.N.Y.1967), *Killebrew v. Atchison, Topeka & Santa Fe Ry. Co.,* 233 F.Supp. 250 (W.D.Okl.1964), *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 189, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931). Unless the court can state with reasonable certainty that no possible liability exists against defendant, remand is required where the addition of the defendant defeats jurisdiction. *Harris Diamond Co. v. Army Times Publishing Co.,* 280 F.Supp. 273, 276 (S.D.N.Y. 1968). An agent of a corporation is personally liable in a civil action for its tortious conduct even though the agent acts on behalf of a principal and in fact derives no benefit from its activities. *McDonald v. First National Bank of McKeesport,* 353 Pa. 29, 44 A.2d 265 (1945). It cannot be said with legal certainty that Delaware Valley News Distributing Co., Inc. would not be liable for its actions as alleged in the complaint. Therefore, it cannot be said that Delaware Valley News was fraudulently added.[1] Thus, diversity of citizenship may no longer support jurisdiction and plain-

---

1. It is clear to this Court, however, that plaintiffs filed Civil Actions 83–0020 and 83–0021 in an obvious attempt to avoid federal jurisdiction after two nearly identical actions had been previously removed to this Court. By filing the two later actions containing a non-diverse defendant just prior to this Court's ruling on plaintiffs' Motion To Voluntarily Dismiss the former two actions (82–5444 and 82–5445), plaintiffs were clearly attempting to persuade this Court to dismiss the prior two actions. However, in analogous cases, courts have held that a party may not amend its pleadings pursuant to F.R.Civ.P. 15(a) to interpose an amendment that will deprive the district court of jurisdiction over a properly removed action. *See generally* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 1477 at 394–95 (1971). Similarly, this Court will not permit plaintiffs to manipulate their pleadings in such a way as to deprive defendants of their right to a federal forum. Such tactical maneuvers are not favored in this Court. *See Doyle v. Stanley Works,* 60 F.R.D. 132, 134 (E.D.Pa. 1973), *aff'd mem.,* 492 F.2d 1238 (3d Cir.1974).

tiffs' Motion For Remand must be granted unless jurisdiction exists based on federal question.

Defendants also oppose plaintiffs' Motion For Remand on grounds that plaintiffs' claims are primarily based on federal antitrust law and therefore jurisdiction exists based on federal question. The existence of federal jurisdiction on removal must be determined on the face of the plaintiffs' complaint. *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), *Brough v. United Steelworkers of America, AFL–CIO,* 437 F.2d 748 (1st Cir.1971), *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566 (N.D.Cal.1981), *La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), *rehearing denied,* 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975), 14 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3722 at 557 n. 23 (1976), 1A MOORE'S FEDERAL PRACTICE ¶ 0.160 n. 12 (1981). Where plaintiffs' claims involve both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground, precluding removal based on the existence of a federal question. *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), *rehearing denied,* 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975), *Coulston v. International Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America,* 423 F.Supp. 882 (E.D. Pa.1976), *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566 (N.D.Cal.1981), *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960 (2d Cir.1981), *Peterson v. Brotherhood of Locomotive Firemen and Enginemen,* 272 F.2d 115 (7th Cir.1959), *Warner Bros. Records, Inc. v. R.A. Ridges Distributing Co.,* 475 F.2d 262 (10th Cir.1973), *Brough v. United Steelworkers of America, AFL–CIO,* 437 F.2d 748 (1st Cir.1971); 1A MOORE'S FEDERAL PRACTICE ¶ 0.160 (1981); WRIGHT, MILLER & COOPER FEDER-AL PRACTICE AND PROCEDURE: Jurisdiction § 3722 at 564–69 (1976).

An exception to the rule limiting the court's examination to the face of the complaint arises in cases in which plaintiffs seek to conceal the federal nature of their claims. Although the court is not free to second-guess the plaintiffs' chosen form of pleading, it is entitled to assure itself that plaintiffs have not by "artful pleading" sought to defeat defendants' right to a federal forum. In those circumstances, it is proper for the Court to examine the record to determine if the real nature of the claim is federal, notwithstanding plaintiffs' characterization to the contrary. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 397, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981) (claims purportedly asserted under state law which are essentially "federal in nature" are subject to removal); *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82 (E.D.N.Y.1980) ("While plaintiff has alleged only state law claims in his complaint and argues strenuously that by so doing federal jurisdiction has been precluded, it is nevertheless evident that a federal antitrust question is integral to its claims"; remand denied); *Hayes v. C. Schmidt & Sons,* 374 F.Supp. 442, 455 (E.D. Pa.1974) ("an action may be removed to the District Court when the real nature of the claim is federal, irrespective of the characterization given to it by plaintiffs"; remand denied); *KMT Corp. v. American Maize Products Co.,* No. EC 80–318–LS–P (E.D. Miss.1981) ("A review of the complaint indicates that although plaintiffs have cast their claims in terms of state law, the claims are nevertheless federal in nature. The court is of the opinion that the federal character of plaintiffs' claims is sufficient to support removal"; remand denied).

After examining the record in these cases, the Court is persuaded that plaintiffs' complaints, although cast in terms of state antitrust violations, are essentially federal in nature and artfully pleaded in a manner intended to defeat defendants' right to a federal forum. By

872

their four complaints and their motions for injunctive relief, plaintiffs seek to prevent The New York Times Co. from attempting to expand the circulation of *The New York Times* in the geographic regions encompassing the Pennsylvania counties of Bucks, Philadelphia, Montgomery, and Delaware, and in so doing competing with the independent dealers for the sales of *The New York Times* to home delivery customers. Plaintiffs do not dispute that their claims involve interstate commerce. The New York Times Co.'s expansion of its so-called "T-Routes" is part of a nationwide campaign to increase circulation. It is unquestioned that defendant New York Times Co. is engaged in interstate commerce and that the products whose prices are the subject of this action were manufactured outside of Pennsylvania and shipped there for sale. *See In Re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82–83 (E.D.N.Y.1980). Plaintiffs argue, instead, that the antitrust laws in Pennsylvania extend to interstate commerce. This Court notes, however, that Pennsylvania has no antitrust statute. To the limited extent that Pennsylvania courts have recognized a common law antitrust cause of action for legal or equitable relief, the Courts have relied almost solely on federal antitrust standards. *See Collins v. Main Line Board of Realtors,* 452 Pa. 342, 304 A.2d 493 (1973), *cert. denied,* 414 U.S. 979, 94 S.Ct. 291, 38 L.Ed.2d 223 (1973); *Sun Drug Co. v. West Penn Realty Co.,* 439 Pa. 452, 268 A.2d 781 (1970).[2] Furthermore, for a corporation such as The New York Times Co. that does business nationwide, it is important to enforce to the extent possible uniform antitrust regulations. *See Flood v. Kuhn,* 407 U.S. 258, 284, 92 S.Ct. 2099, 2112, 32 L.Ed.2d 728 (1972).

Accordingly, Plaintiffs' Motion For Remand shall be denied. An Order follows.

**2.** As defendants have noted, it is not surprising that of the fifty-five (55) case citations in the Memorandum of Law in Support of Plaintiffs' Motion For Preliminary Injunction, forty-seven (47) are federal cases.

**1.** This case was filed while Richard S. Schweiker was Secretary of Health and Human Serv-