**DEPARTMENT OF BANKING AND FINANCE, STATE OF FLORIDA,**
**Plaintiff,**

v.

**U.S. TRUST CORPORATION and U.S. Trust Company of Florida, N.A.,**
**Defendants.**

**No. 85–8066–Civ.**

United States District Court,
S.D. Florida.

June 5, 1985.

Carl Mostadt, for plaintiff.

Karen Curtis, Miami, Fla., for defendants.

ARONOVITZ, District Judge.

THIS CAUSE was removed to this Court upon the Petition for Removal which was filed on January 25, 1985. The Court has carefully considered the Plaintiff's "Opposition to Removal" [treated herein as a Motion to Remand], the parties' memoranda of law submitted in support thereof and in opposition thereto, and has heard the argument of counsel at a hearing on Monday, June 3, 1985. Having reviewed the applicable law, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that this cause be, and the same is hereby, RE-MANDED, and the Clerk is hereby directed to transfer this cause to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. 28 U.S.C. § 1447(c). This action was improvidently removed because the Complaint states a claim under Florida law, and does not allege a cause of action "arising under the Constitution, laws or treaties of the United States." There is thus no federal subject matter jurisdiction under 28 U.S.C. § 1331, as alleged by the Defendants.

In the Petition for Removal, Defendants argue that Plaintiff's claim arises under federal law for three reasons. First, Defendants argue that since the state law relied upon by the Plaintiff, Fla.Stat. § 658.296, incorporates the federal Bank Holding Company Act of 1956 for its definition of terms, this Court's construction and interpretation of federal law will determine the outcome of this case. Second, Defendants argue that the Florida statutes cited by Plaintiff are in conflict with federal law. And third, Defendants contend that this action should be heard in federal court because of the pendency of related litigation before the Eleventh Circuit Court of Appeals.

With respect to the second ground for removal, it has been settled law since 1887 that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). With respect to the third ground asserted in support of removal, this Court notes that the decision in *Florida Department of Banking and Finance v. Board of Gover-*

*nors,* 760 F.2d 1135 (11th Cir.1985) is very much related to this case. Indeed, if the decision in that case remains binding precedent in this Circuit, the instant case would be rendered moot as the Trust Company of Florida would no longer be permitted to operate as a "nonbank bank," i.e., accept deposits and issue consumer loans. Nevertheless, this is a Court of limited jurisdiction, and since the Complaint in the instant case arises under state law, this action cannot be removed under the well-pleaded complaint rule unless there is diversity of citizenship and an amount in controversy in excess of $10,000.00.

With respect to the first ground asserted in support of removal, the issue is somewhat more complex. In *T.B. Harms v. Eliscu,* 339 F.2d 823, 827 (2d Cir.1964), Judge Friendly wrote that a "case may arise under a law of the United States if the Complaint discloses a need for determining the meaning or application of such a law." Since the Florida statutes cited by the Plaintiff in the Complaint incorporate certain federal statutes, it can be argued that the Complaint itself discloses that the Court would necessarily interpret and apply federal law in adjudicating Plaintiff's claim.

■ In this case, however, there are several factors which must be taken into account in determining the role of the federal statutes in Florida's own statutory scheme, and whether the incorporation of federal law, merely for the purpose of defining certain terms, necessarily means that a claim which invokes the Florida law "arises under" federal law for the purposes of § 1331 jurisdiction. First, it is clear that the Complaint does not pass Justice Holmes' oft-cited test from *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916): "A suit arises under the law that creates the cause of action." In the instant case, it is clearly Florida state law and not federal law which creates the authority to bring Plaintiff's claim for injunction and/or divestiture. To use another phrase of Justice Holmes, in the instant case federal law

has no "force *proprio vigore,*" and federal law has merely been adopted by Florida state law "as a criterion or test." *Smith v. Kansas City Title Co.,* 255 U.S. 180, 41 S.Ct. 243, 250, 65 L.Ed. 577 (1921, J. Holmes dissenting). See also *Moore v. Chesapeake & Ohio Ry.,* 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934); *United Air Lines v. Division of Industrial Safety,* 633 F.2d 814 (9th Cir.1980).

Second, Fla.Stat. § 658.296 is a new law which became effective on December 12, 1984. While abstention is not in order, it must be noted that this Court thus has little guidance from the Florida courts regarding the interpretation of that statute. Moreover, it certainly cannot be inferred that the Florida legislature, in incorporating federal law merely for the purpose of defining certain terms, meant to leave to the federal courts the interpretation and application of its new statute forbidding out of state bank holding companies from controlling Florida banks.

■ Third, in the interest of comity and federalism, this case should be decided by the Florida courts. In its recent opinion in *Florida Department of Banking, supra,* the Eleventh Circuit highlighted the fact that Congress, in enacting the Douglas Amendment to the Bank Holding Company Act, expressed its desire to allow the states to choose for themselves whether to open their borders to out-of-state banks. In enacting Fla.Stat. § 658.296, the Florida legislature thus acted consistently with the intent of Congress to leave to the states substantial authority in the area of bank regulation. It is this Court's belief that the initial stages of the interpretation and application of such an important new piece of state legislation should be left to the courts of the State of Florida.

Orders of remand under § 1447(c) are generally not appealable. However, because of the pendency of the aforementioned related litigation before the Eleventh Circuit Court of Appeals, this Court would seriously entertain a motion for certification of this order for appeal.