**T.O.C., INC., and To-Can Cinemas, Inc., Plaintiffs,**

v.

**UNITED ARTISTS THEATRE CIRCUIT, et al., Defendants.**

**No. C–85–7356 SC.**

United States District Court, N.D. California.

Feb. 7, 1986.

Barry D. Parkinson, Petaluma, Cal., for plaintiffs.

Khouri & Crew, San Francisco, Cal., for defendants.

## ORDER RE MOTIONS TO REMAND AND DISMISS

CONTI, District Judge.

Plaintiff filed this action on August 26, 1985, in Sonoma County Superior Court seeking compensatory and punitive damages for unfair competition. Plaintiffs claim that defendants' methods of distributing and exhibiting motion pictures amount to an unreasonable restraint upon trade. On October 2, 1985, defendant United Artists Theatre Circuit, Inc. ("United Artists"), removed this action to the United States District Court for the Northern District of California.

The matter is presently before the court on plaintiffs' motion to remand, and defendants United Artists, MGM/UA Entertainment Company, Orion Pictures Distribution, Paramount Pictures Corporation, and 20th Century Fox Film Corporation's motion to dismiss.

Plaintiffs move, first, to remand this action to state court on grounds that "[t]he Complaint at hand is clearly ... based upon California law and not upon Federal law." Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Remand, p. 2. Briefly, plaintiffs argue that their claims for unfair competition are properly pleaded under the California Cartwright Act, Cal.Bus. and Prof.Code § 16700 et seq. Upon review of the record, however, the court agrees with defendants that "plaintiffs' pleading [impermissibly] side-steps the Sherman [Antitrust] Act," and should thus be construed as stating a federal cause of action. Defendants' Memorandum of Points and Authorities in Opposition to Motion to Remand, p. 2.

It is well established that,

"The existence of federal jurisdiction on removal must be determined on the face of the plaintiffs' complaint ... Where plaintiffs' claims involve both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground, pre-

cluding removal based on the existence of a federal question."

*Buchanan v. Delaware Valley News,* 571 F.Supp. 868, 871 (E.D.Pa.1983); *see also, Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). A plaintiff may not, however, "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Olguin v. Inspiration Consolidated Copper Company,* 740 F.2d 1468, 1472 (9th Cir.1984). Accordingly, "[a] complaint that is 'artfully pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal law." *Id.; see also, Buchanan,* 571 F.Supp. at 871; *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82 (E.D. N.Y.1980). In determining whether an action is "artfully pleaded," a court may look beyond the actual complaint "to ascertain facts that would appear in a 'well pleaded' complaint.'" *Olguin,* 740 F.2d at 1473. Moreover, such,

> "[p]eeking to determine reality is particularly appropriate where it is apparent that the central federal claim is inseparable from the state law theory, and where the question of federal jurisdiction turns on the out-of-state status of the parties and the interstate nature of transactions complained of."

*In re Wiring Device,* 498 F.Supp. at 82.

The California Cartwright Act "forbids combinations in restraint of trade and grants a cause of action to any person injured by such a combination." *Speegle v. Board of Fire Underwriters,* 29 Cal.2d 34, 42, 172 P.2d 867 (1946). Accordingly, "[t]he federal and California antitrust laws ... [have] identical objectives [and] are harmonious with each other." *Partee v. San Diego Chargers Football Co.,* 34 Cal.3d 378, 382, 194 Cal.Rptr. 367, 668 P.2d 674 (1983). In the absence of conflict between state and federal objectives, "state antitrust policy is not [necessarily] ousted from the regulation of local matters which may also be affected by federal law."

*Flood v. Kuhn,* 443 F.2d 264, 267 (2d Cir.), *aff'd,* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972). Where the nature of an enterprise is such that,

> "differing state regulation, although not conflicting, requires the enterprise to comply with the strictest standard of several states, [however,] the extra-territorial effect which the application of a particular state law would exact constitutes, absent a strong state interest, an impermissible burden on interstate commerce."

*Id.*

Defendants in this case are unquestionably involved in interstate commerce. *See United States v. Capitol Service, Inc.,* 568 F.Supp. 134 (E.D.Wisc.1983). Moreover, defendant motion picture distributors license pictures for distribution in a "fairly similar" manner in "all fifty states," while defendant United Artists rents films "across the country using [the same] methods challenged by plaintiffs." Defendants' Memorandum, p. 4. For "corporation[s] such as [defendants] that do[ ] business nationwide, it is important to enforce to the extent possible uniform antitrust regulations." *Buchanan,* 571 F.Supp. at 872; *see also, In re Wiring Device,* 498 F.Supp. at 82. Because "differing state antitrust decisions if applied to the enterprise[s] would likely compel [defendants] ... to comply with the laws of the strictest state," then, the court finds that plaintiffs must properly bring this action under federal antitrust laws. *Partee,* 34 Cal.3d at 384, 194 Cal. Rptr. 367, 668 P.2d 674; *see also, Moitie v. Federated Department Stores, Inc.,* 611 F.2d 1267 (9th Cir.), *rev'd on other grounds,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Buchanan* (plaintiffs raised federal antitrust claims in seeking to restrain newspaper publisher and distributor from expanding circulation of New York Times in various Pennsylvania counties, when proposed expansion was part of defendants' nationwide campaign to increase circulation.) Accordingly, the court denies plaintiffs' motion to remand.

■ Defendants move, next, to dismiss plaintiffs' action under the derivative jurisdiction doctrine. As defendants note,

"jurisdiction of a federal court on removal is derivative ... [I]f the state court lacks jurisdiction over the subject-matter of an action ... that lack is not cured on removal. The removed action must be dismissed by the federal court since it has acquired no jurisdiction from the state court."

*State of California v. California & Hawaiian Sugar Co.,* 588 F.2d 1270, 1272, n. 4 (9th Cir.), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979); *see also, Dyer v. Greif Bros., Inc.,* 766 F.2d 398, 399–400 (9th Cir.1985). "Because claims such as plaintiffs' which arise under the federal antitrust laws fall within the jurisdiction of the federal courts, [then], the state court possessed no jurisdiction" over this action and "this Court acquired none upon removal." Defendants' Memorandum, p. 9. Accordingly, the court grants defendants' motion to dismiss.

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiffs' motion to remand is denied; and

(2) defendants' motion to dismiss without prejudice is granted.