**Jack RICE, Louise Rice, dba Jack Rice Exxon Distributor,**

v.

**EXXON CORPORATION; Harris Oil Company, Inc.; City Ice & Fuel Company of Point Pleasant.**

Civ. A. Nos. 2:85–1365, A:85–1366.

United States District Court, S.D. West Virginia, Charleston and Parkersburg Divisions.

April 10, 1986.

Guy R. Bucci and James J. Brink, Charleston, W.Va., for plaintiffs.

Charles W. Matthews, Exxon Co. USA, Houston, Tex., Robert G. Abrams, Stuart H. Harris, Howrey & Simon, Washington, D.C., Charles M. Love, III, Bowles, McDavid, Graff & Love, Charleston, W.Va., for Exxon Corp.

Thomas C. Evans, Spencer, W.Va., for Harris Oil Co., Inc.

Carroll W. Casto, Barry L. Casto, Casto & Casto, Point Pleasant, W.Va., for City Ice & Fuel.

## ORDER

HADEN, Chief Judge.

Pending is the Plaintiffs' motion to remand, filed November 29, 1985. The parties concede that there is no complete diversity and that the basis for federal jurisdiction, if any, would arise under 28 U.S.C. § 1331, as a case arising under the constitution or laws of the United States.

Jack Rice and Louise Rice, doing business as Jack Rice Exxon Distributor, filed this complaint in Kanawha and Jackson Counties alleging six counts centering upon the conduct of the oil product distribution business for Exxon products among Exxon Corporation, Harris Oil Company, and City Ice and Fuel Company in the Mason, Putnam and Jackson County area of West Virginia. In 1974, the Plaintiffs entered into a contract with Exxon to resell or distribute petroleum products in the Mason, Putnam and Jackson area, and that this agreement was due to expire in March, 1984. Harris and City Ice formerly distributed Texaco products, but in September, 1981, Harris began to distribute Exxon products, and in December, 1981, City Ice began to distribute Exxon products.

The Plaintiffs complain that Exxon, Harris and City Ice thereafter devised a plan to divide customers in the Mason, Putnam and Jackson County areas, to restrict to whom the Plaintiffs could sell Exxon products, to restrict retail dealers from purchasing from the Plaintiffs, to lower the price at which Exxon products were sold to Harris and City Ice for the purpose of excluding the Plaintiffs from the aforementioned market area, and also to give Harris and City Ice more favorable credit terms, also allegedly for the purpose of excluding the Plaintiffs from this market area. The Plaintiff alleges a first general count and then five specific counts each specifically citing a provision of the West Virginia Antitrust Act, *W.Va.Code*, §§ 47–18–1, *et seq.*, which the Defendants allegedly violated.

The Plaintiffs have moved to remand this case to the Circuit Courts of Jackson and Kanawha Counties on the grounds that no federal question is raised by these complaints.*

In determining whether a case arises under the constitution or laws of the United States, the Court must examine the

---

* It should be noted that the complaints are substantially identical.

complaint itself to determine whether a cause of action under federal law is disclosed. In *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), Justice Cardozo states the rule:

"To bring a case within the statute, a right or immunity created by the constitution or laws of the United States must be an element, an essential one, to the plaintiff's cause of action."

*See also Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974). Further, it is of no consequence that a defense to be raised will involve resolution of federal law. *Gully,* 299 U.S. at 113, 57 S.Ct. at 97; *Phillips Petroleum,* 415 U.S. at 128, 94 S.Ct. at 1004.

It has been held in this district that a claim may be brought under the West Virginia Antitrust Act without invoking an element of federal antitrust law. *Anziulewicz v. Bluefield Community Hospital,* 531 F.Supp. 49 (S.D.W.Va.1981).

■ It is the rule that where a plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and to premise his claim on the state ground, precluding removal based upon the existence of a federal question. *Buchanan v. Delaware Valley News,* 571 F.Supp. 868, 871 (E.D.Pa. 1983). However, the *Buchanan* case also held:

"An exception to the rule limiting the court's examination of the face of the complaint arises in cases which plaintiffs seek to conceal the federal nature of their claim. Although the court is not free to second-guess the plaintiff's chosen forum of pleading, it is entitled to assure itself that the plaintiffs have not by 'artful pleading' sought to defeat the defendant's right to a federal forum."

*Buchanan,* 571 F.Supp. at 871. In *Buchanan,* the plaintiff sought relief on the theories of tortious interference with contract, assumpsit, and the Pennsylvania antitrust common law. The plaintiffs did not dispute the interstate character of the antitrust claim, as the case involved a New York newspaper competing with a Pennsyl-

vania distribution company. The instant complaint contains a less obvious interstate connection. While Exxon certainly does business in interstate commerce, the competition among Rice, Harris and City Ice, from the terms of the complaint is solely within the state of West Virginia. Accordingly, while the Court finds the discussion of the law in *Buchanan* instructive, this Court does not find the facts of *Buchanan* to be sufficiently similar to those in this action to merit overlooking the law of this district as stated in *Bluefield Community Hospital.*

■ In the instant action, the Plaintiffs have fairly clearly intended to bring this action only under the West Virginia Antitrust Law. The Court cannot find that a federal right or privilege is the essential element for finding in violation of the West Virginia Antitrust Law. The Defendant has suggested none. Accordingly, upon the face of the complaint, the Court determines that no action arising under the constitution or laws of the United States is found and accordingly, this Court has no jurisdiction to consider this action on removal.

The Court further notes, that it intends to construe the complaint so as to give it meaning. If the Court were to consider the complaint as embodying a federal antitrust claim, disguised as a state anti-trust claim, the Court would be compelled to dismiss the federal count as a federal antitrust case cannot be removed from state court. It has been held that a federal court on removal obtains only such jurisdiction as had by the state court from which the case was removed. As federal courts have exclusive jurisdiction over federal antitrust claims, 15 U.S.C. § 15, *Freeman v. Bee Machine Co.,* 319 U.S. 448, 451 n. 6, 63 S.Ct. 1146, 1148 n. 6, 87 L.Ed. 1509 (1943), a state court could not possess subject matter jurisdiction to be removed to federal court. *Salveson v. Western States Bankcard Association,* 731 F.2d 1423, 1430–31 (9th Cir.1984); *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 575 (7th Cir.1982). This is true even if the case could have been originally brought in fed-

eral court. *Freeman v. Bee Machine*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943).

Accordingly, the Plaintiffs' motion to remand is granted, and Civil Action No. 2:85–1365 shall be remanded to the Circuit Court of Kanawha County and Civil Action No. A:85–1366 shall be remanded to the Circuit Court of Jackson County.