**PROVIDERS OF NORTHEAST PENNSYLVANIA, INC.; Community Medical Center; Moses Taylor Hospital; St. Joseph's School; and Nesbitt Memorial Hospital, Plaintiffs,**

v.

**MAXICARE HEALTH PLANS, INC. and the HealthAmerica Corporation of Pennsylvania, Inc., Defendants.**

Civ. No. 87–1180.

United States District Court, M.D. Pennsylvania.

Oct. 16, 1987.

Roland Morris, Frank A. Luhak, Thomas B.K. Ringe, III, Philadelphia, Pa., for plaintiffs; James O'Brien, Jr., Kennedy, O'Brien, McCormick & Mulcahey, Scranton, Pa., of counsel.

Charles B. Gibbons, Gary L. Goldberg, Pittsburgh, Pa., for defendants; Timothy E. Foley, Scranton, Pa., of counsel.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the court is plaintiffs' motion to remand this case to the Court of Common Pleas of Lackawanna County. For the reasons set forth below, plaintiffs' motion to remand will be granted.[1]

### BACKGROUND

Plaintiffs are hospitals and health organizations located in northeastern Pennsylvania and incorporated within the Commonwealth. Defendants are in the business of owning and operating health maintenance organizations (HMOs). Defendant Maxicare Health Plans, Inc. (Maxicare) is a California citizen, and defendant HealthAmerica Corporation of Pennsylvania, Inc. (HealthAmerica PA) is a citizen of Pennsylvania.

In June 1986, plaintiffs and defendants began discussions concerning a potential joint venture to own and operate an HMO in northeastern Pennsylvania. On August 11, 1986, Maxicare announced its intention to acquire HealthAmerica PA. All of the parties in this action executed an eight-page "letter of intent" dated October 1, 1986.[2] Maxicare became the sole shareholder of HealthAmerica PA's stock on November 1, 1986. Plaintiffs and Maxicare subsequently agreed to extend the October 1, 1986 letter of intent on two separate occasions. Ultimately, the parties did not collectively form or operate an HMO.

Plaintiffs instituted this lawsuit in the Court of Common Pleas of Lackawanna County on July 17, 1987. In their complaint, they allege, *inter alia*, that defendants breached the October 1, 1986 agree-

---

1. By letter dated September 28, 1987, plaintiffs' counsel requested oral argument on the pending motion to remand. Having carefully reviewed the record in this case, the court has decided not to hear oral argument.

2. Other hospitals which are not parties to this lawsuit were also signatories to the October 1, 1986 letter of intent. Unfortunately, defendants in their petition for removal omitted the signature page from the October 1, 1986 agreement.

ment. Plaintiffs also aver that defendants engaged in fraud, misrepresentation and deceit during the negotiations among the parties. Defendants removed the action to federal court on August 20, 1987, and plaintiffs filed a motion to remand the case to state court on September 10, 1987. In addition to remand, plaintiffs seek reimbursement of their costs and attorneys' fees incurred because of defendants' removal. The parties have briefed their respective positions, and the motion to remand is now ripe for disposition.

## DISCUSSION

There is no question that the presence of HealthAmerica PA in this lawsuit defeats diversity jurisdiction. The issue for consideration, then, is whether HealthAmerica PA was fraudulently named as a defendant.

■ By way of background, the mere allegation that a plaintiff's purpose in adding a resident defendant is to defeat diversity and maintain the litigation in state court is insufficient to sustain a claim of fraudulent joinder. *Buchanan v. Delaware Valley News,* 571 F.Supp. 868, 870 (E.D.Pa.1983). The removal statute should be strictly construed, and all doubts should be resolved in favor of remand. *Steel Valley Authority v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985). When ruling on a motion to remand, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Authority, supra,* at 1010. *See also Abels, supra,* at 29. The burden of proving fraudulent joinder rests upon the remover who must establish the existence of federal court jurisdiction by clear and convincing evidence. *Nobers v. Crucible, Inc.,* 602 F.Supp. 703, 705–06 (W.D.Pa. 1985).

In order to sustain its burden, the removing party must demonstrate either "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). *See also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *Buchanan, supra,* at 870 ("proper standard to be applied to determine whether a party has been fraudulently added is whether there exists no possible action against the resident defendant"); *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134, 136 (E.D.Pa.1976); Wright, Miller and Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3723. In short, this court must examine whether, in the event that the case were remanded to state court, there is any possibility that plaintiffs could establish a cause of action against HealthAmerica PA. In other words, the district court's inquiry is whether there is any possibility that plaintiffs could succeed in state court against a dispositive motion filed by HealthAmerica PA.

■ This court concludes that HealthAmerica PA was not fraudulently joined, that diversity jurisdiction does not exist and that remand is appropriate. For example, defendants characterize the October 1, 1986 letter of intent as merely "an agreement to agree" which lacked any exchange of consideration. *See* document 4 of the record at 9. They conclude that the October 1, 1986 agreement "created no legally enforceable obligations" and cannot be used as a basis to impose liability upon HealthAmerica PA. *Id.* at 8–10. Upon inspection of the document, however, it is evident that the agreement provides for a number of specific terms, including the following: the parties would not pursue discussions or negotiations for the formation or sale of any HMO with any other individual or organization for forty-five (45) days; the parties would use their "best efforts" to develop and execute definitive agreements establishing a joint venture HMO; and in order to foster their ultimate goal of a joint venture HMO, the parties would enter a separate contractual arrangement by October 17, 1986 for the provision of medical services. Of course, mutual prom-

ises may serve as valid consideration. Thus, it is at least conceivable that a state court would find that the October 1, 1986 letter of intent contained definite, enforceable terms and that HealthAmerica PA could be held liable to plaintiffs for breach of contract based on that agreement.

Moreover, without citing any legal authority or explaining their assertions, defendants' claim that HealthAmerica PA cannot be held liable for any actions taken after November 1, 1986 when its stock was acquired by Maxicare and that, in any event, plaintiffs failed to properly plead a cause of action for fraud, misrepresentation and deceit. The court finds no merit in these arguments.

■ An award of costs and attorney's fees is discretionary with the court and is usually appropriate only when the nonremovability of the action is obvious. *Olsen v. Olsen*, 580 F.Supp. 1569, 1572 (N.D.Ind. 1984). A district court should not award costs or attorney's fees when there is no indication in the record that the defendant acted in bad faith in removing a state action to federal court. *Zimmerman v. Conrail*, 550 F.Supp. 84, 87 (S.D.N.Y.1982). The record in this case does not support an award of costs or attorney's fees, and plaintiffs' request for the same will be denied.

An appropriate Order will enter.