**KING PROVISION CORPORATION, a Florida corporation, Plaintiff,**

**v.**

**BURGER KING CORPORATION, a Florida corporation, Defendant.**

**No. 90–310–Civ–J–14.**

United States District Court, M.D. Florida, Jacksonville Division.

Oct. 22, 1990.

David M. Wells and William W. Deem, Mahoney, Adams & Criser, Jacksonville, Fla., for plaintiff.

James E. Cobb, Jacksonville, Fla., and Chris S. Coutroulis, Tampa, Fla., for defendant.

## ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on the plaintiff's Motion to Remand, filed on May 18, 1990. The defendant filed its response in opposition on June 8, 1990. Pursuant to the Court's Order of June 5, 1990, the Attorney General of Florida was permitted to file a memorandum of law addressing the issues raised in the plaintiff's motion. The Court heard oral argument on July 26, 1990. Also pending is Defendant's Request, in the Alternative, for Stay and Certification of Order Granting Remand, filed on August 1, 1990, to which the plaintiff filed a response in opposition on August 2, 1990, and the defendant's Motion to File Supplemental Authority in Connection with Plaintiff's Motion to Remand, filed on September 18, 1990, to which the plaintiff filed a response in opposition on September 28, 1990.

This case was originally filed in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. The Complaint alleges that the plaintiff, a Florida corporation operating from Jacksonville, and the defendant, a Florida corporation operating from Miami, pursuant to four distributorship agreements, competed to distribute supplies to Burger King's independent franchisees located in a number of states, including Florida. Complaint at 3–5, ¶¶ 4, 9, 10, 15, filed on April 20, 1990. The Complaint alleges that the defendant conceived and engaged in a course of conduct with the purpose and intent of eliminating the plaintiff as a competitor. *Id.* at 8–10, ¶¶ 26–27. The Complaint specifically alleges that, through this conduct, the defendant has monopolized trade and commerce in the State of Florida, *id.* at 15, ¶ 45; has attempted to monopolize trade and commerce in the State of Florida, *id.* at 17, ¶ 51; has entered into combinations and conspiracies to monopolize trade and com-

merce in the State of Florida, *id.* 19, at ¶ 56; and has entered into various contracts, combinations, and conspiracies to unreasonably restrain trade and commerce and substantially lessen competition in the State of Florida, all with the intent to injure the plaintiff and eliminate it as a competitor, *id.* at 20–21, ¶ 58.

## I. THE PARTIES' CONTENTIONS

The defendant contends that, pursuant to the "artful pleading" exception to the well-pleaded complaint rule, it is entitled to removal jurisdiction. In support of this allegation, the defendant alleges that the plaintiff's Florida Antitrust Act claims are really federal Sherman Act claims in disguise, since they seek to redress not just alleged restraints on commerce in Florida, but also alleged restraints on commerce occurring wholly in other states. The defendant alleges that this broad claim is nationwide in scope, and, therefore, the claim is a federal antitrust claim to which the federal courts have exclusive jurisdiction. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379–80, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985).

The plaintiff contends that the defendant has construed the artful pleading exception too broadly. The plaintiff alleges that there is no federal issue contained within the four corners of its Complaint nor are its causes of action dependent upon issues of federal law. Therefore, the plaintiff contends that the Court does not have subject matter jurisdiction and requests that the Court remand this case to state court. Lastly, the plaintiff requests costs and expenses as a result of the alleged improper removal.

## II. REMOVAL AND THE WELL-PLEADED COMPLAINT RULE

A defendant may remove to a federal court any civil action "founded on a claim or right arising under the ... laws of the United States." 28 U.S.C. § 1441(b) (1988); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "There are two ways in which a case may, for removal purposes, 'arise under' federal law. First,

the plaintiff's well-pleaded complaint simply may raise issues of federal law. Second, ... the complaint may raise a select type of claim that has been singled out by Congress for federal preemption." *Pruitt v. Carpenters' Local Union No. 225,* 893 F.2d 1216, 1218 (11th Cir.1990).

Pursuant to the well-pleaded complaint rule, a court must look solely to the four corners of a complaint to determine whether or not a claim arises under federal law. *Oklahoma Tax Comm'n v. Graham,* 489 U.S. 838, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint unaided by the answer or by the petition for removal). Removal jurisdiction does not exist simply because the plaintiff could have chosen a federal claim instead of, or in addition to, the state claim advanced. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). Furthermore, a federal law defense will not support removal jurisdiction, even if the defense is anticipated in the complaint's allegations. *Oklahoma Tax Comm'n v. Graham,* 109 S.Ct. at 1519; *Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. at 2430 ("it is now settled that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint"). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. at 2429.

## III. THE ARTFUL PLEADING EXCEPTION

"In certain limited circumstances, a federal court may look behind the complaint to preclude a plaintiff from defeating federal question jurisdiction through 'artful pleading,' that is, by disguising a federal claim as a claim arising under state law." *Bowlus v. Alexander & Alexander Servs., Inc.,*

659 F.Supp. 914, 918 (S.D.N.Y.1987). One such circumstance involves state-law claims which have been completely preempted by federal law. In *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the United States Supreme Court explained the preemption exception to the well-pleaded complaint rule:

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character.

*Metropolitan Life*, 107 S.Ct. at 1546 (citation omitted).

■ The defendant conceded at oral argument that this is not a case in which federal statutes preempt state regulation of the subject matter. State courts are not precluded by federal antitrust law from adjudicating claims arising under state antitrust law.

■ The perimeter of the second circumstance in which courts have permitted removal in the absence of a federal question expressed on the face of the complaint constitutes the basis of the parties' dispute. It is the plaintiff's position that the second component of the artful pleading exception only arises when a plaintiff's choice of a state forum is motivated by the desire to evade the consequences of prior federal litigation. The defendant contends that the plaintiff's construction of this second circumstance is too narrow. Relying upon footnote two of *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981), the defendant contends that courts are permitted to peek behind the four corners of the complaint to determine whether the nature of the complaint is really federal; there need not be a prior federal adjudication.

### 1. *Federated Department Stores v. Moitie*

To understand the United States Supreme Court's decision in *Moitie*, it is necessary to trace the procedural and factual history of the case. In 1976, retail purchasers filed seven separate class actions against the owners of various department stores.[1] *Id.* at 395, 101 S.Ct. at 2526. The purchasers alleged that the stores agreed to fix the retail price of women's clothing sold in Northern California in violation of the Sherman Act, 15 U.S.C. § 1. *Id.* For reasons not relevant to this case, all of actions were dismissed. *Id.* While five of the class actions were appealed to the Ninth Circuit Court of Appeals, two actions were refiled in state court. *Id.* The refiled cases contained similar allegations to the previously dismissed federal action, yet raised only state-law claims. *Id.* The refiled cases were removed to federal court and were once again dismissed by the district court. *Id.* The district court held "that the complaints, though artfully couched in terms of state law, were 'in many respects identical' with the prior complaints, and were thus properly removed to federal court because they raised 'essentially federal law' claims." *Id.* However, this time the cases were dismissed due to the doctrine of res judicata. *Id.* at 396–97, 101 S.Ct. at 2426–27. The Ninth Circuit created a new exception to the doctrine of res judicata and reversed the district court. *Id.* at 397, 101 S.Ct. at 2427.

The Court finds that the defendant reads *Moitie* too broadly. The opinion clearly stated that "[t]he only question presented in this case is whether the Court of Appeals for the Ninth Circuit validly created an exception to the doctrine of res judicata," *id.* at 395, 101 S.Ct. at 2426, and concluded that "[i]t is enough for our decision here that Brown I is res judicata as to

---

1. Six of the actions were originally filed in federal court. The seventh action was filed in state court and was removed on the basis of diversity of citizenship and federal question jurisdiction.

*Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 395, 101 S.Ct. 2424, 2426, 69 L.Ed.2d 103 (1981).

respondents' federal-law claims." *Id.* at 402, 101 S.Ct. at 2430. Nowhere in the opinion does the Supreme Court state that it was establishing a new exception to the well-pleaded complaint doctrine.

Furthermore, the procedural and factual history of the case provides an interpretation of footnote two that is different from that of the defendant. Footnote two, in its entirety, states that:

> The Court of Appeals also affirmed the District Court's conclusion that Brown II was properly removed to federal court, reasoning that the claims presented were "federal in nature." We agree that at least some of the claims had a sufficient federal character to support removal. As one treatise puts it, courts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and that] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 564–566 (1976) (citing cases) (footnote omitted). The District Court applied that *settled principle* to the facts of this case. After "an extensive review and analysis of the origins and substance of" the two Brown complaints, it found, and the Court of Appeals expressly agreed, that respondents had attempted to avoid removal jurisdiction by "artful[ly]" casting their "essentially federal law claims" as state-law claims. We will not question here that factual finding.

*Moitie*, 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2 (emphasis added) (citations omitted). Thus, it is clear that the district court, the appellate court, and the Supreme Court were confronted with a factual situation in which the plaintiff was attempting to disguise his claims in state court to prevent the effect of the previous federal adjudication on the merits. *Moitie* was not a case in which the district court peeked behind the plaintiff's claims to determine that they were really federal in nature. Rather, the district court and the Supreme Court determined that the plaintiff's state-law claims were really federal in the context of the previously dismissed federal action. Lastly, were the Supreme Court establishing a new exception to the well-pleaded complaint rule, it would not have stated that the district court had applied the "settled principle" to the facts of this case. *Id.* Thus, the Supreme Court was merely affirming the district court's finding that the state-law claims were not unrelated to the previously dismissed federal claims, and did so by stating that it too agreed that "at least some of the claims had a sufficient federal character to support removal." *Id.*

Interpreted against this background the Court finds that *Moitie* does not stand for the proposition which the defendant contends; a prior federal adjudication is required before a court may peek behind the four corners of a plaintiff's complaint.[2] Furthermore, just two years later, the Supreme Court, in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), stated that the law of removal jurisdiction "has remained basically unchanged for the past century." *Franchise Tax Bd.*, 463 U.S. at 7, 103 S.Ct. at 2845. *See also, Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir.1988); *Department of Banking & Finance v. United States Trust Corp.*, 610 F.Supp. 919, 920 (S.D.Fla. 1985).

The Court finds that the other post-*Moitie* cases upon which the defendant relies either fit within the prior federal adjudication category of the artful pleading exception,[3] fit within the preemption category of

---

**2.** *See California v. Chevron Corp.*, 872 F.2d 1410, 1415 (9th Cir.1989); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754 (2d Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Bowlus v. Alexander & Alexander Servs., Inc.*, 659 F.Supp. 914 (S.D.N.Y.1987).

**3.** *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir.1976) (following settlement of the federal action, the plaintiff repled in state court state-law claims which were essentially identical to the prior federal law); *Alabama v. Mills Family Bakery of Alabama, Inc.*, No. CV90–PT–0978–M, at 90–167936 5 n. 3 (N.D.Ala. May 22, 1990) (complaint "arguably resurrects the original FTC complaint which was clearly based on federal law").

the artful pleading exception,[4] or are factually distinguishable from the case *sub judice*.[5,6]

## IV. ATTORNEY'S FEES

■ A federal district court may order a defendant to pay attorney fees and costs incurred by a plaintiff as a result of an improper removal. 28 U.S.C. § 1447(c) (1988). Such a decision is within the sound discretion of the trial court. In the instant case, the Court finds that the law interpreting the perimeters of the artful pleading doctrine is somewhat ambiguous. Consequently, the defendant's basis for removal and opposition to the plaintiff's motion to remand was colorable, and the Court will deny the plaintiff's request for attorney fees and costs.

## V. CONCLUSION

In conclusion, neither of the components of the artful pleading exception apply to the facts of this case. Congress has not preempted state antitrust law nor is this a case like *Moitie* in which the plaintiff first filed a lawsuit containing federal claims, and then, after dismissal, sought to recast those claims under state law. Rather, the plaintiff in this case has consistently sought to litigate state claims in state court. *See United Jersey Banks v. Parell,* 783 F.2d 360 (3rd Cir.), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Although the defendants allege that the action implicates federal antitrust law, as well as the Commerce Clause, the Court finds that, even if this were so, this would only provide the defendants with a federal defense.[7] Under the well-pleaded complaint rule, a federal defense is insufficient to support removal. If, once back in state court, it is determined that the complaint does not state a claim under the Florida Antitrust Act, then the state court will simply dismiss the claim.

---

**4.** The Supreme Court in *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), addressed the artful pleading exception to the well-pleaded complaint rule in the context of preemption. *See Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir.1988); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 217 n. 4 (1st Cir.1987); *United Jersey Banks v. Parell,* 783 F.2d 360, 366 (3rd Cir.), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986); *Powers v. South Cent. United Food & Commercial Workers Unions,* 719 F.2d 760 (5th Cir.1983).

**5.** *In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), did not involve a motion to remand filed by the plaintiff. Rather, the plaintiff was arguing that he had relied upon federal law. It was the defendant, who, after removing the case and losing, alleged that the district court did not have subject matter jurisdiction. The court was not recharacterizing the plaintiff's complaint in a fashion contrary to the plaintiff's own position. Furthermore, in *Powers v. South Cent. United Food & Commercial Workers Unions,* 719 F.2d 760, 766 (5th Cir.1983), the Fifth Circuit stated that, in *Carter,* "the plaintiff's complaint necessarily presented a federal claim."

In *Buchanan v. Delaware Valley News,* 571 F.Supp. 868, 872 (E.D.Penn.1983), the Court held that, since Pennsylvania had no state antitrust statute, the plaintiff's state antitrust claim was actually a federal antitrust claim.

In *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 81 (E.D.N.Y.1980), it was conceded that there was diversity between the parties. Therefore, the Court's discussion regarding the federal question was mere dicta. Furthermore, there had previously been a federal antitrust indictment, as well as thirty federal antitrust cases with the same claims and defendants. *See Bowlus v. Alexander & Alexander Servs.,* 659 F.Supp. 914, 919 (S.D.N.Y.1987).

Lastly, in *Three J Farms, Inc. v. Alton Box Board Co.,* 1979–1 Trade Cas. (CCH), 1978 WL 1459 (D.S.C.1978), ¶¶ 62,423, 76,547, 76,550, *rev'd on other grounds,* 609 F.2d 112 (4th Cir. 1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980), the court held that, since plaintiff's complaint alleged interstate commerce and since the Supreme Court of South Carolina had previously ruled that any claim alleging interstate commerce must be federal antitrust claim, South Carolina had displaced state law from the field.

**6.** The defendant also cites to *T.O.C., Inc. v. United Artists Theatre Circuit,* 631 F.Supp. 832 (N.D. Cal.1986). However, this case was recently disapproved of by the Ninth Circuit Court of Appeals in *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477 (9th Cir.1990).

**7.** Thus, even if the defendant has correctly interpreted the reach of the *Healy v. Beer Institute, Inc.,* 491 U.S. 324, 109 S.Ct. 2491, 2499, 105 L.Ed.2d 275 (1989), the Court notes that such an interpretation would simply constitute a federal defense to the plaintiff's state-law claims.

Therefore, the Court will grant the plaintiff's Motion to Remand, filed on May 18, 1990, and remand the case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. However, the Court will deny the plaintiff's requests for costs and attorney's fees. The Court will deny the Defendant's Request, in the Alternative, for Stay and Certification of Order Granting Remand, filed on August 1, 1990. Lastly, the Court will deny the defendant's Motion to File Supplemental Authority in Connection with Plaintiff's Motion to Remand, filed on September 18, 1990.

Accordingly, it is

ORDERED:

1. That the plaintiff's Motion to Remand, filed on May 18, 1990, is granted; the case shall be remanded to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

2. That the plaintiff's requests for costs and attorney's fees are denied.

3. That the Defendant's Request, in the Alternative, for Stay and Certification of Order Granting Remand, filed on August 1, 1990, is denied.

4. That the defendant's Motion to File Supplemental Authority in Connection with Plaintiff's Motion to Remand, filed on September 18, 1990, is denied.

DONE AND ORDERED.